**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MANUEL CABRERA<br><br>Plaintiff,<br>vs.<br><br>LVNV FUNDING LLC;<br>RESURGENT CAPITAL SERVICES LP;<br>and CREDIT CONTROL LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-CV-06861 |

**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

LVNV Funding LLC ("Defendant" or "LVNV"), by and through its undersigned attorneys, Barron & Newburger, P.C., states the following in response to Plaintiff's Complaint:

**NATURE OF THE CASE**

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

**ANSWER: Answering paragraph 1, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the remainder.**

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER: Answering paragraph 2, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the**

**remainder.**

3. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: Answering paragraph 3, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the remainder.**

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp. 2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER: Answering paragraph 4, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the remainder.**

5. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

**ANSWER: Answering paragraph 5, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the remainder.**

6. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

**ANSWER: Answering paragraph 6, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole. Defendant denies the remainder.**

## JURISDICTION AND VENUE

7. Jurisdiction over Defendants is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

**ANSWER: Answering paragraph 7, Defendant denies.**

8. Defendants collect debts from consumers in Illinois and have registered agents in Illinois.

**ANSWER: Answering paragraph 8, Defendant denies.**

9. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendants regularly do business in this County. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act,[1] 15 U.S.C. § 1692 et seq. ("FDCPA") by the Defendant and Defendants' agents in their illegal efforts to collect a consumer debt from Plaintiff.

**ANSWER: Answering paragraph 9, Defendant denies.**

## PARTIES

10. Plaintiff MANUEL CABRERA ("Plaintiff') is a resident of the State of Illinois, from whom the Defendants attempted to collect a delinquent consumer debt. Plaintiff is thus a

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER: Answering paragraph 10, Defendant denies any allegations to the extent inconsistent with the FDCPA and case law interpreting it as a whole and denies the remainder.**

11. Defendant LVNV FUNDING LLC ("Defendant"), is a debt collector that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

**ANSWER: Answering paragraph 11, Defendant denies.**

12. Defendant RESURGENT CAPITAL SERVICES, L.P. ("Defendant"), is a debt collector that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois.

**ANSWER: Answering paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

13. Defendant CREDIT CONTROL, LLC. ("Credit Control" and together with Resurgent and LVNV, the "Defendants"), is a debt collector that operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, and is licensed to operate in the state of Illinois

**ANSWER: Answering paragraph 13, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

14. Defendants act as debt collectors as defined by § 1692a(6) of the FDCPA because Defendants use the instrumentalities of interstate commerce including the telephone and/or the

mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

**ANSWER: Answering paragraph 14, Defendant denies.**

15. Defendants also act as debt collectors as defined by § 1692a(6) of the FDCPA as Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

**ANSWER: Answering paragraph 15, Defendant denies.**

16. At all times LVNV acted in the line and scope of its agency relationship with Resurgent and Credit Control and in all actions taken in regard to Plaintiff.

**ANSWER: Answering paragraph 16, Defendant denies.**

17. At all times Resurgent acted in the line and scope of its agency relationships with LVNV and Credit Control in all actions taken in regard to Plaintiff.

**ANSWER: Answering paragraph 17, Defendant denies.**

18. At all times Resurgent acted in the line and scope of its agency relationships with Resurgent and LVNV in all actions taken in regard to Plaintiff.

**ANSWER: Answering paragraph 18, Defendant denies.**

## FACTUAL ALLEGATIONS

19. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) Existing laws and procedures for redressing these injuries are

inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. [Emphasis added].

**ANSWER: Answering paragraph 19, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

20. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**ANSWER: Answering paragraph 20, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

21. The creditor to whom the Alleged Debt was owed, SOFI BANK (the "Original Creditor") alleged that Plaintiff failed to pay the Debt and placed the debt in default.

**ANSWER: Answering paragraph 21, Defendant admits.**

22. After placing the Debt in default, the Original Creditor charged off the Debt, and sold the Debt to a third party who, through a series of transactions, sold the Debt to LVNV on the secondary market for fractions of a penny on the dollar.

**ANSWER: Answering paragraph 22, Defendant denies.**

23. LVNV is considered a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**ANSWER: Answering paragraph 23, Defendant denies.**

24. The primary and principal business of LVNV is to collect allegedly defaulted debts

**ANSWER: Answering paragraph 24, Defendant denies.**

25. After LVNV acquired the Debts, it engaged its servicer, Resurgent, to aid it in collecting the Debt.

**ANSWER: Answering paragraph 25, Defendant denies.**

26. Resurgent is a "debt collector" as that term is defined in by 15 U.S.C. § 1692a6)

**ANSWER: Answering paragraph 26, Defendant denies.**

27. The primary and principal business of Resurgent is to collect debts owed to another company.

**ANSWER: Answering paragraph 27, Defendant denies.**

28. Resurgent, at the directions of LVNV, engaged Credit Control to aid it in collecting the Debt.

**ANSWER: Answering paragraph 28, Defendant denies.**

29. Credit Control is a “debt collector” as that term is defined in by 15 U.S.C. § 1692a(6)

**ANSWER: Answering paragraph 29, Defendant denies.**

30. The primary and principal business of Credit Control is to collect debts owed to another company.

**ANSWER: Answering paragraph 30, Defendant denies.**

31. At the time the Original Creditor charged off the Debt, Plaintiff was experiencing financial difficulties and retained the services of Five Lakes Law Group (“Five Lakes”)

**ANSWER: Answering paragraph 31, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

32. Five Lakes made a series of false promises to Plaintiff that it would attempt to settle all of Plaintiff's unsecured debts at a steep discount.

**ANSWER: Answering paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

33. In accordance with an agreement between Plaintiff and Five Lakes (the "Engagement"), Five Lakes approached Credit Control to settle the Debt.

**ANSWER: Answering paragraph 33, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

34. On June 3, 2025, Credit Control agreed to resolve the Debt with Plaintiff in exchange for 6 monthly payments of $10.00, and 18 monthly payments of $554.94, totaling $10,048.92 (the "Settlement").

**ANSWER: Answering paragraph 34, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

35. Pursuant to the Settlement, Five Lakes made timely payments towards the Settlement from June 2025 through March 2026.

**ANSWER: Answering paragraph 35, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

36. On March 26, 2026, Plaintiff cancelled the Engagement with Five Lakes, and Five Lakes represented to Plaintiff that it sent a cancelation of representation letter to Plaintiff's creditors, including Defendant.

**ANSWER: Answering paragraph 36, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

37. On March 27, 2026, Plaintiff accessed Credit Control's payment portal and

attempted to input his personal payment information in order to continue making payments toward the Settlement.

**ANSWER: Answering paragraph 37, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

38. Credit Control's payment system would not allow Plaintiff to make a payment, and the system listed the balance of the Debt as $18,373.09, instead of the agreed settlement amount of $10,048.92.

**ANSWER: Answering paragraph 38, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

39. On March 28, 2026 Resurgent sent Plaintiff a collection letter (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit A.

**ANSWER: Answering paragraph 39, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

40. The Collection Letter was a communication in connection with the collection of the Debt.

**ANSWER: Answering paragraph 40, Defendant denies.**

41. The Collection Letter communicated various information about the Debt, including the alleged balance, the alleged original creditor and provide information about how Plaintiff could dispute the Debt or make a payment.

**ANSWER: Answering paragraph 41, Defendant states that Exhibit A speaks for itself and denies any allegations inconsistent with the express content of Exhibit A.**

42. Specifically, the Collection Letter falsely identified the original creditor as "CSS PL 2O23-1 Trust" and listed the balance of the Debt as $18,373,09.

**ANSWER: Answering paragraph 42, Defendant denies.**

43. The original creditor is SOFI Bank, not CSS PL 2O23-1 Trust.

**ANSWER: Answering paragraph 43, Defendant admits.**

44. The balance of the Debt at the time Resurgent sent the letter was $10,048.92 less the payments Plaintiff made towards the Settlement.

**ANSWER: Answering paragraph 44, Defendant denies.**

45. By the Collection Letter, Defendants sought the entire amount of the Debt, $18,373.09, instead of the agreed Settlement amount of $10,048.92.

**ANSWER: Answering paragraph 45, Defendant states that Exhibit A speaks for itself and denies any allegations inconsistent with the express content of Exhibit A.**

46. Shortly after receiving the March 28, 2026 collection letter, Plaintiff attempted to access Credit Control's payment portal, but his account did not appear.

**ANSWER: Answering paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

47. Because Plaintiff fired Five Lakes, Credit Control and Resurgent unilaterally canceled the Settlement and refused to accept payments directly from Plaintiff.

**ANSWER: Answering paragraph 47, Defendant denies.**

48. Credit Control then transferred Plaintiffs Account back to Resurgent, which sent the Collection Letter.

**ANSWER: Answering paragraph 48, Defendant denies.**

49. At the time Defendants cancelled the Settlement, Plaintiff had not missed a payment on the Settlement.

**ANSWER: Answering paragraph 49, Defendant denies.**

50. At all times Plaintiff has been ready willing and able to make the payments pursuant to the Settlement Agreement.

**ANSWER: Answering paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

51. The FDCPA prohibits a debt collector from making false, deceptive or misleading statements in connection with the collection of any debt.

**ANSWER: Answering paragraph 51, Defendant denies any allegations to the extent inconsistent with the FDCPA. Defendant denies the remainder.**

52. Specifically, FDCPA, section 1692e provides:

> ***A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.*** Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
>
> **(2)** ***The false representation of –***
>
> **(A)** the character, amount, or ***legal status of any debt;*** or
>
> ***
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e (emphasis added).

**ANSWER: Answering paragraph 52, Defendant denies any allegations to the extent inconsistent with the FDCPA. Defendant denies the remainder.**

53. Resurgent violated FDCPA, section 1692e(2)(A) when it falsely represented the character and amount of the debt, by stating the original creditor was CSS PL 2023-1 Trust, instead of SOFI Bank, and by misrepresenting the amount of the Debt.

**ANSWER: Answering paragraph 53, Defendant denies.**

54. Resurgent violated FDCPA, section 1692e(2)(A) when it falsely implicated that the Settlement was canceled and that Plaintiff's Settlement was no longer being offered.

**ANSWER: Answering paragraph 54, Defendant denies.**

55. Credit Control violated FDCPA, section 1692e(l0) when it cut off Plaintiff's access to the Payment Portal and prevented him from making timely payments towards the Settlement.

**ANSWER: Answering paragraph 55, Defendant denies.**

56. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f

**ANSWER: Answering paragraph 56, Defendant denies any allegations to the extent inconsistent with the FDCPA. Defendant denies the remainder.**

57. Credit Control violated FDCPA, section 1692f when it cut off Plaintiff's access to the Payment Portal and prevented him from making timely payments towards the Settlement.

**ANSWER: Answering paragraph 57, Defendant denies.**

58. Credit Control and Resurgent violated FDCPA, section 1692f when they refused to accept Plaintiff's timely Settlement payments, unilaterally canceled the Settlement for no reason, and demanded that payment pay the full balance despite the arrangement.

**ANSWER: Answering paragraph 58, Defendant denies.**

59. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos* v. *Fulton Friedman & Gullace, LLP,* 825 F.3d 317 (7th Cir. 2016).

**ANSWER: Answering paragraph 59, Defendant denies any allegations to the extent inconsistent with the FDCPA and the case law interpreting it. Defendant denies the remainder.**

60. Consequently, LVNV is vicariously liable for the debt collection activities of Resurgent and Credit Control.

**ANSWER: Answering paragraph 60, Defendant denies.**

61. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

**ANSWER: Answering paragraph 61, Defendant denies.**

62. All of the above-described actions by Defendants and collection agents of the Defendants were made in violation of the FDCPA as alleged below in the Count.

**ANSWER: Answering paragraph 62, Defendant denies.**

63. Plaintiff was suffered stress and confusion as he was finally starting to get his head above water financially and was making timely payments pursuant to the Settlement agreed to by Credit Control.

**ANSWER: Answering paragraph 63, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

64. He knew he could not afford, to make higher payments, and that Resurgent would demand higher payments.

**ANSWER: Answering paragraph 64, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

65. He believed that his efforts to resolve the Debt with Defendants had been rendered futile, and that Defendants were depriving him of his rights in the agreement to settle.

**ANSWER: Answering paragraph 65, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

66. Plaintiff had changed his financial position in order to enter into the Settlement with Credit Control and to pay the Debt pursuant to the terms of the Settlement.

**ANSWER: Answering paragraph 66, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

67. If he had known that Defendants could walk away from the Settlement for no reason at all he would not have entered into the Settlement or agreed to pay.

**ANSWER: Answering paragraph 67, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

68. Defendant did not pay other debts, which he put on the back burner, in order to make the Settlement payments in a timely manner, and now was faced with paying the full amount of the Debt despite his holding up his end of the bargain.

**ANSWER: Answering paragraph 68, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.**

## CAUSES OF ACTION

### COUNT I - Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.)

69. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

**ANSWER: Answering paragraph 69, Defendant repeats, realleges, and incorporates by reference all of its answers to the foregoing paragraphs.**

70. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiff, including, but not limited to,

violations of 1692e, 1692e(2), 1692e(10) and 1692f.

**ANSWER: Answering paragraph 70, Defendant denies.**

71. Defendants violated 1692e(2)(A) when it falsely represented the character and amount of the debt, by misidentifying the original creditor and mischaracterizing the amount of the Debt.

**ANSWER: Answering paragraph 71, Defendant denies.**

72. Defendants violated FDCPA, section 1692e(2)(A) when it falsely implicated that the Settlement was canceled and that Plaintiffs Settlement was no longer being offered.

**ANSWER: Answering paragraph 72, Defendant denies.**

73. Defendants violated FDCPA, section 1692e(10) when it cut off Plaintiffs access to the Payment Portal and prevented him from making timely payments towards the Settlement.

**ANSWER: Answering paragraph 73, Defendant denies.**

74. Defendants violated FDCPA, section 1692f when it cut off Plaintiff's access to the Payment Portal and prevented him from making timely payments towards the Settlement.

**ANSWER: Answering paragraph 74, Defendant denies.**

75. Defendants violated FDCPA, section 1692f when they refused to accept Plaintiff's timely Settlement payments, unilaterally canceled the Settlement for no reason, and demanded that payment pay the full balance despite the arrangement.

**ANSWER: Answering paragraph 75, Defendant denies.**

76. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317 (7th Cir. 2016).

**ANSWER: Answering paragraph 76, Defendant denies any allegations to the extent**

**inconsistent with the FDCPA and the case law interpreting it. Defendant denies the remainder.**

77. Consequently, LVNV is vicariously liable for the debt collection activities of Resurgent and Credit Control

**ANSWER: Answering paragraph 77, Defendant denies.**

78. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to damages and reasonable attorney's fees and costs from Defendant.

**ANSWER: Answering paragraph 78, Defendant denies.**

## AFFIRMATIVE DEFENSES

Defendant LVNV Funding, LLC ("Defendant" or "LVNV") by and through their counsel, Barron & Newburger, P.C., states as follows for its affirmative defenses to Plaintiff's Complaint:

1. Any ultimate technical violation of statute shown herein, to the extent that Plaintiff ultimately show same, would have been unintentional and resulted from a good faith and bona fide error on the part of the Defendant, in spite of the maintenance of policies and procedures in place to avoid such errors, so that the defendant cannot be held liable under Plaintiff's complaint. Defendant affirmatively states that such alleged mistake or error, which could be considered a violation of the FDCPA (which violation is denied), was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case. Therefore, any communication which is found to be a violation of the FDCPA is a bona fide error.

2. Defendant asserts that arbitration may be the appropriate venue for Plaintiff.

Defendants possess certain arbitration rights based on one or more contracts entered into by Plaintiff.

3. Defendant reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and award them its attorneys' fees and costs in defending this action, along with any other relief the Court deems just and equitable.

Dated: June 17, 2026.

Respectfully submitted,
BARRON & NEWBURGER, PC

*/s/ Nabil G. Foster*
Nabil G. Foster

Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, PC
53 W. JACKSON SUITE 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com

## CERTIFICATE OF SERVICE

I, Nabil Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT LVNV FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** upon the following individual(s), by deposit in a U.S. mailbox postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (312) 229-9203, or electronically via email or the Case Management/Electronic Case Filing System ("ECF") as indicated, on **June 17, 2026** to the following individuals:

_X_ CM/ECF
___ Facsimile
___ Federal Express
___ E-Mail
___ U.S. Mail
___ Messenger

*Attorneys for Plaintiff*

Seth McCormick
**HARRER LAW, P.C.**
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3240
seth@harrerlaw.com

*/s/ Nabil G Foster*
Nabil G. Foster
One of the Attorneys for Defendant

Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, PC
53 W. Jackson Blvd. Suite1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com