**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MANUEL CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No. 1:26-cv-06861<br><br>ANSWER |

## CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, Credit Control, LLC ("Credit Control"), and for its Answer to the Complaint of Plaintiff Manuel Cabrera ("Plaintiff"), states as follows:

## NATURE OF THE CASE

1. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

2. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

3. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

4. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

6. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

**JURISDICTION AND VENUE**

7. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

**PARTIES**

10. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

11. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

12. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

13. Credit Control admits it is in the business of collecting outstanding financial obligations, that it does so in many states, and that it is validly licensed to do business in Illinois. The remainder of this paragraph, including, but not limited to, the terms “debt collector,” “debts,” and “consumers,” states legal conclusions to which no response is required. To the extent a

response is necessary, Credit Control denies all allegations of this paragraph not specifically admitted.[1]

14. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

15. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

16. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

17. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

18. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

## FACTUAL ALLEGATIONS

19. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

21. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

[1] Plaintiff also indicates his intention to use "Defendants" as a catch-all term throughout the Complaint. Credit Control's responses to any allegations in the Complaint that are made against "Defendants" should be read only to respond as to Credit Control's own knowledge, information, and/or conduct, and should not be read to admit responsibility for or knowledge of the knowledge, information, and/or conduct of any other person or entity.

22. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

23. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

24. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

25. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

26. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

27. This paragraph states allegations about a party other than Credit Control. Credit Control therefore lacks sufficient knowledge or information to admit or deny the truth of the allegations of this paragraph, and accordingly denies the same in full.

28. Credit Control admits it was assigned by Resurgent to collect Plaintiff's account. Credit Control lacks sufficient information to form a belief as to truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

29. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

30. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

31. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

32. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

33. Credit Control admits it had contact with Five Lakes concerning Plaintiff's account.

34. Credit Control admits it entered into a payment arrangement regarding Plaintiff's account, and that that arrangement involved the payments laid out, here. Credit Control denies this was an "agree[ment] to resolve" the account, and denies the remaining allegations of this paragraph.

35. Credit Control admits it received monthly payments against Plaintiff's account. Credit Control denies these payments continued "through March," as the last payment received was in the month of February.

36. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

37. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

38. Credit Control denies it did "not allow" Plaintiff to access its payment system. Instead, on or about March 13, 2026, Plaintiff repudiated the alleged payment arrangement by clearly and unambiguously disputing the validity of the account and demanding not to be sent any information about the account into the future. As a result, prior to Plaintiff's alleged attempt to

access the payment portal, Credit Control's account was closed and Credit Control ceased collection of the account.

39. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

40. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

41. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

42. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

43. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

44. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

45. Credit Control denies it had any involvement with "the Collection Letter," as Plaintiff defines that term, and therefore denies the allegations of this paragraph in full.

46. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

47. Credit Control denies the allegations of this paragraph.

48. Credit Control denies the allegations of this paragraph.

49. Credit Control denies it "cancelled the Settlement," as Plaintiff, himself, did so in his correspondence to LVNV on March 13, 2026. Therefore, Credit Control denies the allegations of this paragraph.

50. On information and belief, Credit Control denies the allegations of this paragraph, as Plaintiff clearly expressed his unwillingness to pay the account when he disputed its validity and demanded not to be sent any information about it in his letter dated March 13, 2026.

51. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

52. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

53. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

54. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

55. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it "cut off Plaintiff's access to the Payment Portal," and denies the remaining allegations of this paragraph.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

57. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it "cut off Plaintiff's access to the Payment Portal and prevented him from making timely payments," and denies the remaining allegations of this paragraph.

58. Credit Control denies it engaged in any of the acts or omissions alleged in this paragraph, and therefore denies the allegations of this paragraph.

59. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

60. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

61. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the "above-described actions" alleged, and denies the remaining allegations of this paragraph.

62. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the "above-described actions" alleged, and denies the remaining allegations of this paragraph.

63. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

64. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

65. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

66. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same.

67. Credit Control denies the premise of this paragraph—that it "walk[ed] away from the Settlement for no reason at all"—in that Plaintiff, himself, canceled that agreement by repudiating the account and demanding not to be sent any information about it. Therefore, Credit Control denies the allegations of this paragraph.

68. Credit Control lacks sufficient information to form a belief as to truth of the allegations set forth in this paragraph, and therefore denies the same. Credit Control specifically denies Plaintiff "[held] up his end of the bargain[,]" as Plaintiff explicitly repudiated the account and demanded not to be contacted in his March 13, 2026 correspondence.

**FIRST COUNT**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***

69. Credit Control repeats and incorporates by reference, here, all statements and denials stated in previous paragraphs as if fully set out herein.

70. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the "acts and omissions" alleged, and denies the remaining allegations of this paragraph.

71. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it made any false representation whatsoever, and denies the remaining allegations of this paragraph.

72. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it made any false implications, and denies the remaining allegations of this paragraph.

73. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it "cut off Plaintiff's access to the Payment Portal" and prevented him from making timely payments[,]" and denies the remaining allegations of this paragraph.

74. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it "cut off Plaintiff's access to the Payment

Portal" and prevented him from making timely payments[,]" and denies the remaining allegations of this paragraph.

75. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies it engaged in any of the acts or omissions alleged, here, and denies the remaining allegations of this paragraph.

76. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

77. This paragraph states a legal conclusion to which no response is required. To the extent a response is necessary, Credit Control denies the allegations of this paragraph.

78. Credit Control denies it violated the FDCPA, denies Plaintiff was injured by any act or omission of Credit Control, and denies the remaining allegations of this paragraph.

**JURY DEMAND AND PRAYER FOR RELIEF**

[UNNUMBERED PARAGRAPH BEGINNING WITH "WHEREFORE"] This paragraph and its subparts are a prayer for relief to which no response is required. To the extent a response is necessary, Credit Control denies the conduct alleged, denies Plaintiff was harmed or is entitled to any damages, and denies the remaining allegations of this paragraph and its subparts.

**JURY DEMAND**

This paragraph is a jury demand to which no response is required.

**AFFIRMATIVE DEFENSES**

I. To the extent a violation of the law occurred, which is expressly denied, such violation was the result of a bona fide error despite the adoption of procedures reasonably designed to prevent such an error.

II. Plaintiff fails to state a claim upon which relief may be granted.

III. Plaintiff preemptively repudiated the "Settlement" agreement to which he refers in this Complaint when he explicitly disputed the validity of the account and demanded not to be sent any information about it, which rendered the performance of that alleged agreement unattainable.

Dated: July 1, 2026

Respectfully Submitted,

**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**

*Attorneys for Defendant*

By: /s/ PATRICK A. WATTS
Patrick A. Watts, Ill. Bar No. 6302112
150 S. Wacker Dr., Ste. 2400
Chicago, IL 60606
pwatts@mgl.law
P: (312) 741-0990
F: (888) 632-6937

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's e-filing system upon all parties of record on July 1, 2026.

By: /s/ PATRICK A. WATTS